Filed 12/27/21  P. v. Miles CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075461 |
| v. | (Super.Ct.No. INF040168) |
| HENRY JASON MILES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Dean Benjamini, Judge.  Affirmed.

Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lise Jacobson and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Henry Jason Miles appeals the Riverside County Superior Court's denial of his petition for resentencing made pursuant to section 1170.91 of the Penal Code.[1]  We affirm.

## BACKGROUND

*1. The circumstances leading to defendant's conviction*

The background leading up to defendant's petition for resentencing is taken from our opinion issued in his appeal from the judgment.  (*People v. Miles* (Sept. 24, 2004, E034073) [nonpub. opn.].)

In 2003, a jury convicted defendant of several offenses committed during a crime spree in 2001:  first degree residential burglary (§ 459), two counts of second degree robbery (§ 211), attempted kidnapping (§§ 664, 207), and assault with a deadly weapon (245, subd. (a)(2)).  The jury also found true four firearm use enhancements under section 12022.5, subdivision (a), and three firearm discharge enhancements under section 12022.53, subdivisions (b) and (c).  The court sentenced defendant to 41 years 10 months.  Defendant appealed.

On appeal, we found the trial court erred when it imposed sentences for multiple firearm discharge enhancements and when it failed to strike a firearm use enhancement. We remanded the case with instructions to strike the firearm use and to stay imposition of one of the firearm discharge enhancements.  The judgment was affirmed in all other respects.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

2

## 2. Defendant's petition for resentencing

In May 2019, defendant filed a petition pursuant to section 1170.91 seeking recall of his sentence and a resentencing hearing on the grounds that he suffered a substance abuse issue resulting from his military service that the sentencing court did not consider in mitigation when sentencing him. He averred the court did not take into account his substance abuse problems when it sentenced him in 2003 even though he had advised the court he was a veteran who was under the influence and had marijuana cigarettes on his person at the time of his arrest, and that he abused alcohol when he first entered military service at age 19. In their response, the People argued defendant did not qualify for relief.

The court appointed counsel for defendant and set the petition for hearing. His counsel filed a supplemental petition for resentencing on defendant's behalf, asking the court to take into consideration not only defendant's efforts to address his substance abuse issues, but also his determination to obtain an education while imprisoned, the prison's acknowledgment of his "exceptional services/assistance," as well as his status as a married man with a wife and family, and with plans for a job and a place to live if he is released. The petition attached a copy of defendant's certificate of honorable discharge in August 1994 after two years of service, noting the reason for discharge was a medical disability.

At the hearing, the court denied defendant's petition on the grounds of insufficient evidence to support a finding that he is eligible for relief pursuant to section 1170.91. Defendant appealed.

3

**DISCUSSION**

On appeal, defendant argues the trial court erred when it denied his petition. We find no error and affirm.

Subdivision (a) of section 1170.91 provides in relevant part that, if a sentencing court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from substance abuse problems as a result of his or her military service, the court shall consider that circumstance as a factor in mitigation when imposing a determinate sentence under section 1170, subdivision (b). Subdivision (b)(1) of section 1170.91 authorizes persons who come within the description of subdivision (a) who are currently serving a sentence for a felony conviction, to petition the court that sentenced them for recall of the sentence and resentencing.

To be eligible for subdivision (b)(1) relief, petitioners must establish (i) their sentence was imposed prior to January 1, 2015, (ii) they may have been suffering from substance abuse as a result of their military service, and (iii) the service-related substance abuse must not have been considered a factor in mitigation at the time of sentencing. (§ 1170.91, subd. (b)(1); *People v. Coleman* (2021) 65 Cal.App.5th 817, 821-822.) If, at a public hearing during which the prosecution has an opportunity to be heard, the court finds those conditions have been met, the court may exercise its discretion to resentence petitioners following a resentencing hearing. (§ 1170.91, subd. (b)(3); *Coleman*, at pp. 821-822.)

4

In this case, the record establishes, and the parties agree, that defendant was convicted and sentenced to his present term of incarceration in 2003, and the sentencing court was aware of his military service and his "Honorable/Med." discharge from the United States Navy in 1994 after serving for two years. What is lacking, however, is any evidence defendant may have had a substance abuse issue related to his military service that the court should have considered in mitigation when it sentenced him.

When defendant was interviewed by a Riverside County probation officer in anticipation of the sentencing hearing, defendant stated that he had an occasional beer in 2002 and used marijuana occasionally in 1996. Although he admitted selling marijuana and ecstasy, an activity he relied upon for his primary source of income, he said he had never used heroin, cocaine, amphetamine, PCP, hallucinogens, or any other substances. He specifically denied ever being an addict, an alcoholic, or receiving treatment for substance abuse. Accordingly, there was no service-related substance abuse issue for the court to consider in mitigation of defendant's sentence.

Defendant claims that, during his sentencing hearing, he informed the court that he was a veteran, that he was under the influence and in possession of marijuana cigarettes when he was arrested, and that he abused alcohol at age 19 when he first entered military service. The record does not support those assertions. Although the transcript of the hearing reflects defendant did address the court during his sentencing, he said nothing about his time in the Navy or anything concerning drugs or alcohol or being under the influence. His remarks were limited to explaining he was certain a juror engaged in misconduct and his attorney did not honor his request to demand a mistrial.

5

Nor is there any support in the record for defendant's contentions he was in possession of any drugs or under the influence of any substance when he was arrested, or that he had abused alcohol at age 19 when he first entered the Navy. There is no mention in the probation report or in the charging documents of defendant having marijuana or any other controlled substance on his person when he was taken into custody. The probation report describes defendant's resistance when being arrested, which resulted in his being taken to a hospital to treat his injuries from pepper spray and K-9 bites. There is no indication defendant was under the influence of any substance at the time of arrest or when he was interviewed at the jail once medical personnel cleared him for booking. And, although defendant claims in his petition that he abused alcohol at age 19 when he first joined the Navy, he does not contend he continued abusing alcohol during the two years of his service, nor does he claim his honorable medical discharge, disability severance pay and veterans' benefits he receives are related to any issue of substance abuse or any other service-related issue that would entitle him to resentencing pursuant to section 1170.91.

In his effort to establish he suffered from a substance abuse problem resulting from his service in the Navy that should have been considered during sentencing, defendant points to notes from prison staff sponsors who verified defendant's assistance in forming an education group in April 2018 (Introduction to Conquering Substance Abuse Group) and his participation later that year in a group called Introduction to Concurring Substance Abuse (ICSA). He is credited in a staff sponsor's November 2018 note for his participation in ICSA in 2018 and commended for "efforts to deal with his

6

addiction in a positive way" and "helping others to relate to the everyday problems that most addicts go through." Contrary to defendant's claim, however, there is no mention in the April 2018 staff sponsor statement that defendant "met with and talked to psychiatrists about his substance abuse issues."

To the extent, if any, the staff sponsors' notes support a conclusion that defendant had a substance abuse issue in 2018, there is no evidence that he may have suffered from that problem during his crime spree 17 years earlier. Prior to 2018, there is no mention of defendant abusing any substances, or of his participation in rehabilitation, counseling, or a 12-step program at any time during or after his military service, although his petition and supplemental petition attached verification of many other activities. They included: (i) completion in 2006 of 18 meetings with the Ironwood Veterans' Group, which was engaged in fundraising through pizza sales and the like to support community projects, (ii) completion of an anger management class in 2016, (iii) completion of basic and advanced Alternatives to Violence Project workshops in 2018 and 2019, and (iv) participation in community college classes between 2016 and 2018 in an effort to obtain an Associate of Arts degree. His course transcripts noted his 2018 enrollment in general psychology and introduction to addiction studies.

In addition to citing his involvement in the variety of activities just mentioned in support of his petition, defendant also points to the laudatory remarks of prison officials describing him in 2017 as a model prisoner and commending him that same year for coming to the assistance of a fellow inmate who suffered a seizure. Defendant also gives assurances that, if he is released, he would not be an unreasonable risk or danger to the

7

public. He has a job plan, a place to live, a wife and family, and will receive veterans' benefits. Defendant's efforts to achieve worthy goals, to be of assistance to others during his incarceration, and to have a plan in the event of his release are truly commendable. They do not, however, call for granting his section 1170.91 petition.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

FIELDS
J.

8